

# Fourth Court of Appeals
## San Antonio, Texas

January 20, 2023

No. 04-22-00794-CV

Frank **HERRERA**,
Appellant

v.

**INVERTERRA HOLDINGS, LLC**,
Appellee

From the County Court At Law No. 10, Bexar County, Texas
Trial Court No. 2022CV05121
Honorable David J. Rodriguez, Judge Presiding

## O R D E R

This is an appeal in a forcible detainer action in which the clerk's record shows the county court at law signed a judgment of possession in favor of appellee on November 18, 2022. The clerk's record does not show that appellant requested or paid a supersedeas bond to stay execution of the judgment. The record shows the county court at law subsequently issued a writ of possession to enforce the November 18 judgment, and the writ of possession was executed on December 2, 2022.

The only issue in a forcible detainer action is the right to actual possession of the property. *See* TEX. R. CIV. P. 510.3(e); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *see also* TEX. PROP. CODE ANN. §§ 24.001–.002. A judgment of possession in such an action determines only the right to immediate possession and is not a final determination of whether an eviction was wrongful. *Marshall*, 198 S.W.3d at 787. When an appellant fails to file a supersedeas bond in the amount set by the county court at law, the judgment may be enforced and a writ of possession may be executed, evicting the defendant from the property. *See* TEX. PROP. CODE ANN. § 24.007; TEX. R. CIV. P. 510.13; *Marshall*, 198 S.W.3d at 786. If a forcible detainer defendant fails to supersede the judgment and loses possession of the property, the appeal is moot unless he: (1) timely and clearly expressed his intent to appeal; and (2) asserted "a potentially meritorious claim of right to current, actual possession of the [property]." *See Marshall*, 198 S.W.3d at 786–87.

Because the record appears to show that appellant did not pay a supersedeas bond to stay execution of the November 18, 2022 judgment and that the writ of possession was subsequently

executed, this appeal may be moot. We therefore **ORDER** appellant to file a written response **by January 30, 2023** explaining: (1) whether the writ of possession was executed; and (2) why this appeal should not be dismissed as moot.

All other appellate deadlines are suspended until further order of this court.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 20th day of January, 2023.



_____
MICHAEL A. CRUZ, Clerk of Court